ROBERT JEMISON, JR. *vs.* GEORGE R. McDANIEL et al.

Where a party by contract engages to do an act, and does not provide in it against contingencies to exempt himself from liability in certain events, where the contract is absolute and general, he is not excused from its performance by an inevitable accident, or other contingency not within his control.

He should have included his exemption from the performance of the contract, for the causes above-mentioned in the contract, before he can avail himself of them.

IN error from the circuit court of Lowndes county; Hon. F. M. Rogers, judge.

This was an action of assumpsit on a promissory note, instituted in the circuit court of Lowndes county, by McDaniel and Hand against Jemison, given for $150; the consideration being the rent of a warehouse situated in the town of Columbus, and the notes were dated October 12, 1846, and payable twelve months after date. There was a written receipt given as follows, to wit:

" Received, of Geo. R. McDaniel, two notes signed by himself and J. H. Hand for $150 each, due six months from this date, in full for the rent of a warehouse in this place, known as ' Ackins and ·Brown's' house, from the 1st of this month to the 1st day of October, 1847.

(Signed)     RO. JEMISON, JR.
         Per GREEN T. HILL."

The gable ends of the house had fallen down in consequence of high water, and the agreement for rent does not provide against contingencies. McD. and H. abandoned the house for the above cause before their time of renting had expired.

The pleas of general issue, payment, want of consideration, and failure of consideration were pleaded to the note by defendants. The jury found in favor of defendants, and the court refused to grant a new trial, from which the plaintiffs prayed this writ of error.

*James T. Harrison* and *W. L. Harris,* for plaintiff in error.

There was no covenant to repair the house, and it was no failure of consideration, though the house had been destroyed by the act of God. Comp. on Land. and Tenant, 212, 326, 449; 6 Mass. R. 63; 4 Harr. & Johns. 564; 1 Term, 312; *Hallett* v. *Wylie,* 3 Johns. R. 44; Strange, 763; 2 Lord Raym. 1477; 4 Taunt. 45.

The principle cited by counsel from Chitty on Contracts, (4th ed.) 263, has no application to the facts, and, if it had, the verdict of the jury is wholly contrary to the evidence.

This was not a letting from year to year, but was an entire contract for a single year. There was no substitution of a tenant; no agreement to quit; no acceptance of a third person as a tenant, or any assent of the former tenant; and no determination of the lease in the middle of a quarter. The facts are these, and they are too plain and certain to permit a jury to run over them, upon their ideas of the apparent hardship of the case.

The note and written memorandum set out a contract, about which there can be no room to doubt. The property leased was a warehouse on the river, that was only worth any thing during the business seasons, in the winter and spring. Green T. Hill, the agent who rented the property to McDaniel, says, that he rented to no other person during the time McDaniel was to have had the property, and never agreed to receive it back before the expiration of the term.

" The express consent of all the parties to a change of tenancy is necessary," continues the authority relied on by defendants's counsel. Chitty on Cont. 263; 2 Barn. & Adolph. 119; 2 Stark. R. 235; 3 B. & C. 478; 5 Bing. 462.

There must be a clear case of substitution and acceptance of the new tenant, and merger of the old tenant's interest; merely taking rent, for instance, from the new occupier, will not suffice. Chitty on Cont. 263, and n.; 1 C. & M. 188.

*Boykin* and *Crusoe,* for defendants in error.

The court below certainly went the full extent of the law in the charges given at the request of plaintiff. In Chitty on

Cont. (4th ed.) 263, it is laid down, "that if during a letting from year to year, the landlord, with the assent of his tenant who quits the premises, accept and treat a third person as his, the landlord's, tenant, that this amounts to a valid surrender of the original tenant's interest, by act and operation of law; and when a tenancy is thus determined in the middle of a quarter whilst the rent is current, the tenant, without express agreement, is not liable for a proportion of the rent," &c. Now, though there is some conflicting testimony which was peculiarly within the province of the jury to decide upon, yet we think that the testimony shows not only that Jemison, the plaintiff, with the assent of McDaniel, did rent the premises before McDaniel's term had expired, but that Williams, the tenant of Jemison, went into possession of the premises and used the same before McDaniel's term had expired. McDaniel's term expired 1st October, 1847. Williams in his testimony says, that about 1st September he rented the warehouse; that it was then vacant; that it was his understanding that he could take possession at any time; and that he did take possession about the middle of September, 1847, and held the same. Now this was before McDaniel's term had expired. Long testifies that McDaniel did not use it after 1st of April, 1847. Now what does Calhoun, the witness for the plaintiff, testify to ? Why, that he rented the premises to Williams, as the agent of Jemison, in the fall of 1847; that he told Williams to see McDaniel and obtain his permission before he took possession. Now if he did not rent before McDaniel's term had expired, why obtain his permission. This is a strong corroborative circumstance of Williams's testimony; and the fact that Williams did go into possession before McDaniel's term expired is conclusive proof, for he could not have taken possession had McDaniel been in possession, without his consent.

Mr. Justice YERGER delivered the opinion of the court.

The verdict of the jury in this case was clearly against the law and the evidence, and a new trial ought to have been granted. The proof is, that the note sued on was given, with another of the same amount, for the rent of a warehouse be-

longing to plaintiff in error, from the 1st of October, 1846, to 1st October, 1847. That defendants took possession of the warehouse and remained in it until the spring of 1847, when they abandoned it, because the gable ends had fallen down, in consequence of injury from high water. This fact constitutes no defence to the note. Where a party, by his own contract, engages to do an act, and does not provide against contingencies, and exempt himself from liability in certain events, he is not, in the instance of an absolute and general contract, excused from its performance by an inevitable accident or other contingency, although not foreseen by or within the control of the party. Chitty on Cont. 567. The evidence in the case negatived the idea, that the plaintiff had agreed to receive the premises, on their abondonment by defendants, and leased them out to another, to take effect before the expiration of defendants' lease. P. B. Calhoun, the agent of the plaintiff, who leased the premises to Williams in the fall of 1847, says, that he did not intend, and in fact did not put Williams in possession, before the expiration of McDaniel's term; and that he told Williams he must get McDaniel's permission before he took possession. Let the judgment be reversed, and a new trial awarded.