M. O. H. NORTON ET AL. *v.* A. J. PHELPS AND WIFE.

1. TRUST AND TRUSTEE. *Advances for trust estate. Creditor's remedy in equity by subrogation.*
   While persons dealing as creditors with a trustee must look to him personally, and not to the trust estate, yet, where the trustee procures expenditures to be made for the benefit of the trust estate, which it has not paid for directly or indirectly, and the estate is indebted to the trustee on account thereof, or otherwise, or would be if he should pay the advances, and the trustee is insolvent or non-resident, so that the creditor who makes the expenditures cannot recover his demand from him here, the creditor may enforce the demand, by bill in chancery, directly against the trust estate. *Clopton* v. *Gholson*, 53 Miss. 466, cited.

2. SAME. *Expenses of executing the trust. Right of trustee to reimbursement.*
   Trustees have an inherent right to be reimbursed all expenses properly incurred in the execution of the trust, and no express declaration in the trust instrument is requisite to create that right.

3. SAME. *Liability of trust estate. Agent of trustee appointed by trust-deed.*
   Under a conveyance of property to a trustee, which provides that he shall permit one as his agent to superintend, possess, manage and control said property, with power to sell and exchange, but shall be exempt from personal responsibility for such agent's acts, expenditures incurred by the agent in the management of the trust property should be borne by the trust estate.

4. ACCOUNT STATED. *Statute of Limitations. Case in judgment.*

> An account was presented to a trustee by creditors for supplies and money advanced for the trust estate and *cestui que trust,* showing a balance at the date of the account of $7,631.16, which was admitted by him to be " correct, due and owing." *Held,* that it was an account stated between the creditors and the trustee, which would require six years to bar it. *McCall* v. *Nave,* 52 Miss. 494, cited.

APPEAL from the Chancery Court of Washington County.

Hon. E. STAFFORD, Chancellor.

On April 17, 1869, M. O. H. Norton & Co. filed this bill against A. J. Phelps and his wife Mary B. Phelps, formerly Vick, to subject a plantation in their possession to an account for supplies and money advanced to Henry W. Vick and Jonathan Pearce, trustee, for the plantation, Henry W. Vick, and Mary B. Vick, the *cestui que trust.* The trustee Pearce was not made a party to the suit until 1870. In 1850 Sarah Vick conveyed the plantation to Pearce in trust, as indicated in the opinion. Henry W. Vick having died in April, 1861, Pearce took possession of the place in the following June, and became guardian of Mary B. Vick, the *cestui que trust.* On Nov. 28, 1865, Pearce, as guardian and trustee, exhibited to the Probate Court his account, showing that the estate was indebted to him $3,000, and to Norton & Co. $10,000, composed of $6,000 contracted by Henry W. Vick, and $4,000 contracted by himself in the course of his guardianship. This account, having been exhibited to Mary B. Vick after she became of age and before she married, was approved by her; and Pearce being discharged as guardian, surrendered the plantation to her, and became a non-resident of this State. On Oct. 3, 1866, Norton & Co. rendered Pearce an account of that date, showing a balance of $7,631.16, which he admitted to be " correct, due and owing." This account was exhibited to Mary B. and A. J. Phelps, who admitted it to be a proper charge against them, and a liability for which the trust estate was bound. The complainants appealed from a final decree on the merits dismissing the bill.

*Nugent & Mc. Willie,* for the appellants.

1. Under the deed the *corpus* of the estate is charged with the liberal support of Henry W. Vick, and the proceeds with the maintenance of the plantation and family.

2. While the Probate Court had no jurisdiction to discharge Pearce as trustee, yet the settlement was known to the *cestui que trust* and her husband, and ratified by both of them.

3. While, generally, persons advancing to the trustee will be confined to personal remedy against him, and have not the benefit of his lien on the *corpus* of the estate, there are exceptions to the rule ; and this case is one. *Manigault* v. *Deas,* Bailey Eq. 283 ; Hill on Trustees, 570 *et seq.*

4. The *cestui que trust* having taken the estate from the trustee, took it burdened with the obligations which the trustee had incurred for advances for the trust estate.   Hill on Trustees, 579 *et seq.*, 583.

5. The counsel then reviewed the testimony, citing *Parmele* v. *McGinty*, 52 Miss. 475 ; 6 Rich. Eq. 75 ; *Riddle* v. *Mandewith*, 5 Cranch, 350 ; *Guphill* v. *Isbell*, 1 Bailey (S. C.), 230 ; Hill on Trustees, 570 ; 2 Perry on Trusts, § 910 ; contending that each of the items of the account were properly of use to the trust estate, and within the power of the trustee to procure ; that the trustee had been discharged, and was a non-resident, and the trust estate was now in possession of the *cestui que trust ;* and that the complainants' only remedy was by a bill in chancery.

6. The counsel then reviewed at length the decisions in this State relied upon by the counsel for the appellees, contending that they failed to sustain their positions, each being either distinguishable from the case at bar, or in accord with the views of the appellants.

7. The suggestion of the Statute of Limitations barring the remedy is without force.   The account was *a stated account.*

*W. G. Phelps,* for the appellees.

1. The bill should have been dismissed.   (1.) A trustee himself has a lien upon the estate for any balance that may be found to be due him upon settlement with the Chancery Court, and will not be compelled to surrender the property until it is paid ; but this lien does not extend to those who deal with him with reference to the trust property.   (2.) If there is a balance due to the trustee from the estate as above stated, creditors of the trustee, as such, may reach such balance in equity by subrogation, but have no further

remedy against the trust property. (3.) To become entitled to such recourse, the bill should allege and prove the insolvency of the trustee himself, or of his estate, if deceased, and that the trust estate is indebted to him. *Hardwig* v. *Evans*, 3 Porter, 221 ; *Simms* v. *Norris*, 5 Ala. 42 ; *Johnson* v. *Gaines*, 8 Ala. 791 ; *Jones* v. *Dawson*, 19 Ala. 672 (in which the case of *Coopwood* v. *Wallace*, 12 Ala. 790, was overruled) ; *Sanford* v. *Howard*, 29 Ala. 684, 692 ; Trusts and Trustees, by Tiffany & Bullard, 583 ; *Guerry* v. *Capers*, 1 Bailey Eq. 159 ; *Manigault* v. *Deas*, 1 Bailey Eq. 283 ; *Adams* v. *Mackey*, 6 Rich. Eq. 75 ; 2 Williams on Executors, 1625, 1626 ; *Pettibone* v. *James*, 25 Miss. 495 ; *Woods* v. *Ridley*, 27 Miss. 119, 153, 154 ; *Ward* v. *Harrington*, 29 Miss. 238; *Hagan* v. *Barksdale*, 44 Miss. 186 ; *Farley* v. *Hord*, 45 Miss. 96, 105.

2. The estate was not legally in court until Pearce, in whom alone the legal title was vested, was made a party. This was done long after the limitation had expired. Clearly Pearce was released by the bar ; and if he is released in the same suit wherein the appellees or their estate is to be held charged, what recourse could they have against the trustee if the debt was one that he would not have been allowed for in his accounts ? Being himself released, he would no longer be impelled to defend the suit, and creditors ought not to be enabled to impose the burden of resisting their claims upon the *cestui que trust*, when by their laches they have released the trustee.

3. The ratification amounts to nothing. (1.) It was without consideration. The Probate Court had no jurisdiction to discharge the trustee. Mary B. Phelps was not a party to his settlement as guardian. (2.) It was not by writing signed by the minor after becoming of age. Code 1857, p. 360, art. 8. (3.) The admission after her marriage was void by the married woman's law.

4. Counsel then reviewed the facts at length, and replied to the brief of adverse counsel, contending that the account was in fact not a charge against the estate.

*Frank Johnston*, on the same side, contended that, even if the decree dismissing the bill was reversed, the case would have to be remanded for an account ; that the proof showed clearly

that under no state of case could all the account be a charge on the trust estate ; but that the decree should be affirmed, because, among other reasons, the pleadings made no case for subrogation to the rights of an insolvent or non-resident trustee.

CAMPBELL, J., delivered the opinion of the court.

In the case of *Clopton* v. *Gholson*, 53 Miss. 466, we announced the principles applicable to this case. These are, that persons dealing with a trustee must look to him for payment of their demands, and that, ordinarily, the creditor has no right to resort to the trust estate to enforce his demand for advances made or services rendered for the benefit of the trust estate. But while this is the rule, there are exceptions to it, and where expenditures have been made for the benefit of the trust estate, and it has not paid for them, directly or indirectly, and the estate is either indebted to the trustee, or would have been if the trustee had paid, or would be if he should pay the demand, and the trustee is insolvent or non-resident, so that the creditor cannot recover his demand from him, or will be compelled to follow him to a foreign jurisdiction, the trust estate may be reached directly by a proceeding in chancery. The principle is, that while persons dealing as creditors with the trustee must look to him personally, and not to the trust estate, yet where the estate has received the benefit of expenditures procured to be made for it by the trustee, and it has not in any way borne the burden of these expenditures properly chargeable to it, and to fasten the charge upon it will do it no wrong, but simply cause it to pay what it is liable for to the trustee, or would be liable for if he had paid it, or should pay it, and because of the insolvency or non-residence of the trustee, our tribunals cannot afford the creditor a remedy for his demand, he may proceed directly against the trust estate, and assert against it the demand the trustee could maintain, if he had paid or should pay the claim, and should himself proceed against the trust estate. Generally the trustee alone must be looked to. He stands between the creditor and the estate. He represents the estate, and deals for it. He is entitled to be reimbursed out of the trust estate for all dis-

bursements rightfully made by him on account of it, and creditors must get payment from him; but when they cannot do that, and it is right for the trust estate to pay the demand, and it owes the trustee, or would owe him if he had paid or should pay the demand, the rule, founded in policy, which denies the creditor access to the trust estate, yields to the higher considerations of justice and equity; and, in order that justice may be done, the creditor may be substituted, as to the trust estate, to the exact position which the trustee would occupy if he had paid or should pay the demand, and seek to obtain reimbursement out of the estate. Applying these principles to the facts of this case, it will be found that they bring it within the exception stated.

Clearly, if Pearce, the trustée, had paid, or should pay, under a recovery against him, the demand sought to be enforced against the trust estate, he would be a creditor of the estate. He is a non-resident of the State of Mississippi, where the trust property is and where the debt was contracted, and the creditor has the same rights, because of this, as to the trust property, as if Pearce was insolvent. The reason why insolvency of the trustee is an element in the combination of circumstances admitting the creditor to proceed against the trust estate is because of the inability of the courts to coerce an insolvent person to pay his liabilities; and the same considerations apply, ordinarily, in case of the non-residence of the trustee, without regard to his pecuniary condition; for a creditor seeking the aid of our courts should not be dismissed because he might pursue a person to a foreign land, and there have a recovery against him. If he cannot obtain justice through our courts except by departing in an exceptional case from a rule of policy, to secure justice the departure should be made. "Trustees have an inherent right to be reimbursed all expenses properly incurred in the execution of the trust, and no express declaration in the trust instrument is requisite to create that right." Hill on Trustees, 570 *et seq.*; 2 Perry on Trusts, § 910. The trust-deed in this case vests the title of the property in Pearce, as trustee, providing that he "is to permit the said Henry W. Vick, as agent for said trustee, . . . to superintend, possess, manage and control said property," &c., "with power

to sell and exchange," &c.   This conferred very large powers for incurring expenditures to be borne by the trust estate. Hill on Trustees, 571, 572.   Vick was thus constituted the agent of the trustee for the very purpose of possessing, managing and controlling the trust property.   Debts properly made by Vick, agent and co-trustee, as he is elsewhere in the deed called, in the management of the trust property, were the debts of Pearce, the trustee, with this qualification; viz., that he is exempted by the deed from responsibility personally for the acts or conduct of Vick.

The debt set forth in the record is not barred by the Statute of Limitations.   It is an account stated between the complainants and Pearce, the trustee, and the time required to bar it is six years.   *McCall* v. *Nave*, 52 Miss. 494.   This case presents peculiar equities.   It is manifest that the trust property was surrendered by the trustee to Mrs. Phelps, with the understanding, clearly implied by what occurred, if not distinctly agreed on, that the trustee was to relinquish all connection with the trust estate, upon a settlement between him and the beneficiary, and that the liabilities which had been incurred on account of the trust estate should be met by the beneficiary. This reasonable expectation should be realized.   The debt sought to be recovered was recognized as just and proper by Pearce, the trustee, and he explained its existence to the beneficiary, who made a settlement with him, upon a distinct recognition of the idea that he was to be freed from all liability and concern for the trust estate, and that the beneficiary received the estate from him charged with all its liabilities in his hands.   The equities accruing to Pearce, the trustee, inure to the complainants.

*Decree reversed and cause remanded.*