JOHN W. MITCHELL *v.* HANCOCK COUNTY.

[45 South., 571.]

1. CONTRACTS. *Bridges. Obligation to repair. Rebuilding.*
   An unconditional express covenant to repair a bridge or keep it
   in repair is equivalent to a covenant to rebuild it.

2. SAME. *Excuses. Act of God.*
   An act of God will excuse the nonperformance of a duty created
   by law, but will not excuse a duty created by contract.

3. SAME. *Bonds. Destruction of bridge. Unprecedented flood.*
   A bond conditional for repairing a county bridge " if removed from
   any cause, fire excepted," within a designated time, binds the
   obligors to rebuild, although the bridge was destroyed within the
   time by an unprecedented flood.

FROM the circuit court of Hancock county.

HON. WILLIAM H. HARDY, Judge.

Hancock county, appellee, was plaintiff in the court below;
Mitchell and others, appellants, defendants there. From a judg-
ment in plaintiff's favor, defendants appealed to the supreme
court.

The suit was for the breach of the bond of a bridge builder
against appellant, Mitchell, the principal, and the other appel-
lants, sureties on the bond. The declaration alleged that
Mitchell contracted with the county to build a bridge across
a creek according to specifications; that, having constructed
the bridge Mitchell was required by his contract to and he
did execute the bond sued upon, conditioned as set forth in
the opinion of the court; that the county accepted the bridge
and paid Mitchell the agreed price therefor; that, subsequently,
before the expiration of the time within which Mitchell was
bound, in case of its damage or destruction except by fire, to
repair and rebuild it, the bridge was destroyed, but not by fire;

and that Mitchell, although requested to do so, failed and refused to rebuild the bridge, although obligated thereto by his contract and the bond; and that the county's damage from the failure exceeded the amount of the bond.

To the declaration appellants pleaded " that the bridge in question was destroyed by an act of God, to-wit, an unprecedented high water and flood, against which defendants did not insure, and on account of which defendants should not be held liable." A demurrer was sustained to the plea and, defendants not asking to plead further, judgment final was rendered for the county.

*Napier & Huddleston,* for appellants.

Was the plea of destruction of the bridge by unprecedented high water and floods a valid defense to the action? Or, to state it differently, did the appellants insure against the destruction of the bridge by " unprecedented high water and floods ? "

We frankly admit that the confusion in the text books in respect to " acts of God," " inevitable accidents," and like terms, has resulted in rather loose verbiage in wording the plea under consideration, but the fact that the bridge was actually destroyed by unprecedented high water and floods, whether the same be called an act of God or an inevitable accident, is the defense here attempted.

Chief Justice SHARKEY, in the case of *Neal* v. *Saunders,* 2 Smed. & M., 572, enunciated the true doctrine which should govern in cases of this kind: " The law of contracts is a part of the contract; and, in the absence of express stipulations, the law governs. It is not to be presumed that the party undertook beyond the terms of his contract. His silence is not to be construed into an engagement to do more than the terms of his contract and the law required."

The law of contracts is for the courts to interpret, and every

contract should receive that construction which will best effectuate the intention of the parties. Clark on Contracts, 589.

The bond sued on is made under Code 1892, § 3937 (Code 1906, § 4449), between the county and the appellants who were ordinary citizens and not habitual bridge builders, and the contract should be construed with this in mind. Contracts are presumed to be made with reference to the law as it existed at the time of the making. *Carter* v. *Cox,* 44 Miss., 148. Under the circumstances, was it in the purview of the parties that the appellants were insurers against an unprecedented flood? The parties had in mind ordinary phenomena of nature, and the appellants intended to insure against loss by usual and expected spring freshets and autumn floods.

We are well aware that some of the text book writers say that acts of God will excuse non-performance of a duty created by law, but not one created by contract. But when we analyze the cases cited by the text books as authority for this, we find that the words relied on are *obiter dicta,* or that the party, sought to be held, contracted to do the thing whose non-performance made the breach, and, moreover, that it was so written in the contract. The true rule is that if the moving party writes the obligation into his contract, he must perform it; but otherwise the law will not compel him to do so. Even in express contracts men are considered to guard against those contingencies only that human experience would suggest as liable to happen. No human experience, reading from the past, could be expected to provide for "unprecedented high water and floods." *School District* v. *Dauchy,* 68 Am. Dec., 371; *Stephens* v. *Vaughan,* 20 Am. Dec., 216.

The act of God cannot excuse failure to perform a contract so as to give a person the right to recover on it without performance, although for the purpose of a defense non-performance might be thereby excused. *Lex non cogit ad impossibilia. Long* v. *R. R. Co.* (a "*Johnstown Flood*" case, 14 L. R. A. 741; *Dickey* v. *Linscott,* 37 Am. Dec., 66; *Neal* v. *Saunderson,*

41 Am. Dec., 609; *Smith* v. *Durrell,* 41 Am. Dec., 732; *Spalding* v. *Rosa,* 27 Am. Rep., 7.

*W. J. Gex,* for appellee.

The obligation of the bond was to provide against the destruction of the bridge from any cause, fire excepted. The bond is plain and unambiguous, and the fact that it is a contract of guaranty does not change its interpretation. It is to be construed like other contracts.    5 Cyc., 753.

It is elementary learning that if there is any doubt in the construction of a contract, the doubt must be strongly resolved against the obligor.    *Richardson* v. *People,* 85 Ill., 495; 5 Cyc., 759.

It is a mistake to say that the acts of God will excuse the performance of all contracts.    There is no rule of law prohibiting insurance against the acts of God.    Contracts of insurance are written daily, providing for the payment of insurance in case of loss by fire.    Lightning is an act of God, yet an insurance company, under its standard form of insurance policy, must pay a loss resulting from stroke of lightning. The appellee insisted on insurance against every thing, acts of God included and fire excepted, and the liability of appellants was limited only by loss or destruction resulting from fire.

After this court shall have read the cases of *Buchanon* v. *Kirtley,* 42 Mo., 534, and *Merriwether* v. *Lowndes County,* 89 Ala., 362; 7 South., Rep., 198, both of which cases are on all fours with the present case, there can be no doubt of affirmance of the judgment of the lower court.    And see also *Abby* v. *Billups,* 35 Miss., 618; *Ross.* v. *Overton,* 3 Call (Va.), 309; *Polack* v. *Pioche,* 35 Cal., 416; *Hoy* v. *Holt,* 91 Pa., 88; *Miller* v. *Morris,* 55 Tex., 412; *School Dist.* v. *Dauchy,* 25 Conn., 530; *Beach* v. *Crane,* 2 N. Y., 86; *Van Wormer* v. *Crane,* 51 Mich., 363; *Warren* v. *Wagner,* 75 Ala., 188; *Nave* v. *Berry,* 22 Ala., 382.

In *Abby* v. *Billups,* 35 Miss., 618, this court, through Chief Justice SMITH, said in part as follows: "A man may be excused from duty imposed by law, if he be disabled from performing it without any fault of his own; but where, by his own contract, he creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident, by inevitable necessity."

WHITFIELD, C. J., delivered the opinion of the court.

The condition of this obligation was as follows: "Said J. W. Mitchell by these presents insures and guarantees to keep said bridge in repair for a term of five years, . . . and if said bridge shall be removed from any cause, fire excepted, within the time of five years, he shall rebuild the same without additional cost to the county of Hancock." It is obvious that the obligor's attention was directed to exceptions which should be made, and that the only thing excepted against was loss by fire. Whilst making his exceptions, if he had intended to except against the act of God, he should have done so. A case on all fours with this, except that this is a stronger case for liability than that, is the case of *Meriwether* v. *Lowndes County,* 89 Ala., 362; 7 South., 198. That case, like this, was a bridge case; the bridge having been destroyed, as here, by an extraordinary flood. The only covenant of that bond was to "keep the bridge in good repair and that it should remain safe for five years." The court said: "The main defense urged to the suit is that the bond imposed no duty on the obligor to rebuild the bridge, but only to keep it in repair so long as it stood, and that the structure was destroyed from no defect in the work, but by an extraordinary and unprecedented flood, which was an act of God, not covered by the covenants of the bond. This defense was clearly not good. There is a long line of cases, both in England and this country, which settle the proposition that an unconditional express covenant to repair or keep in repair is equivalent to a covenant to rebuild, 'and

binds the covenanter to make good any injury which human power can remedy, even if caused by storm, flood, fire, inevitable accident, or the act of a stranger,' and that, while an act of God will excuse the non-performance of a duty created by law, it will not excuse a duty created by contract. *Abby* v. *Billups,* 35 Miss., 618; 72 Am. Dec., 143, and note at page 148; *Ross* v. *Overton,* 3 Call (Va.), 309; 2 Am. Dec., 552; *Polack* v. *Pioche,* 35 Cal., 416; 95 Am. Dec. 115, note, 121, 122; *Hoy* v. *Holt,* 91 Pa., 88; 36 Am. Rep., 659; *Miller* v. *Morris,* 55 Tex., 412; 40 Am. Rep., 814; *School Dist.* v. *Dauchy,* 25 Conn., 530; 68 Am. Dec., 371; *Beach* v. *Crain,* 2 N. Y., 86; 49 Am. Dec., 369, note 374; *Van Wormer* v. *Crane,* 51 Mich., 363; 16 N. W., 686; 47 Am. Rep., 582; *Warren* v. *Wagner,* 75 Ala., 188; 51 Am. Rep., 446; *Nave* v. *Berry,* 22 Ala., 382. The courts have no authority to relieve contracting parties from the hardships often occasioned by such contracts, as it is within the power of obligors to provide in advance, by excepting liability for casualties of this nature from the terms of their contracts, if they so elect. The contract, moreover, shows that the duty of keeping ' in good repair ' is coupled with the covenant that the bridge shall ' remain safe ' for the period stipulated. And the statute clearly contemplates that when such a bridge, constructed under such a contract, is ' washed away, or so damaged (in any manner) as to become unsafe to the public,' within the period covered by the bond, such accident shall be such a breach of the bond as to constitute a ground of action. Code 1906, § 4457. The second plea interposing this defense was bad, and the court did not err in sustaining the demurrer to it."

We think this states the doctrine correctly, and the judgment is *affirmed.*