DORA HOWELL *v.* ALICE L. MYER.

[63 South. 233.]

EXECUTORS AND ADMINISTRATORS.  *Liability of estate.  Attorney fees.*

   Ordinarily, debts contracted by executors and administrators are obligatory only as personal obligations and cannot primarily bind the estate committed to them, except in cases specially authorized by statute and that is true of attorney fees due for professional services in the management of estates.

APPEAL from the chancery court of Jones county.

HON. SAM WHITMAN, JR., Chancellor.

Suit by Dora Howell as executrix against Alice L. Myer as administratrix. From a judgment sustaining a demurrer to the petition, petitioner appeals.

The facts are fully stated in the opinion of the court.

*Bowers & Griffith,* for appellant.

The ground of demurrer chiefly relied upon in the court below, and as we understood it, the one upon which the court acted, was the fourth, namely, that the contract of the administratrix with said solicitor as shown by the exhibits, was void and nonenforceable against the estate because not approved in advance by the court, and the

case of *Clopton* v. *Gholson,* 53 Miss. 466, was relied upon to sustain this ground, and it was argued that the remedy of appellant was against Mrs. Myer individually. In other words that this solicitor, who had with an estate amounting to hundreds of thousands of dollars, with assets and debts scattered all over the country, put his time, energy and talent into it, and had carried it on to where it was practically completed, should do all this for the benefit of creditors and all persons concerned, manage it so as every creditor is paid and all having demands against it be satisfied, and yet he, this solicitor, should be remitted to the administratrix personally; let everybody else be helped to what was coming to them out of the estate, and let the solicitor who had held it together and guided it, be sent from it to the poor recourse of a demand against the administratrix individually, and not against the estate that he had labored to preserve. Such may have been the Clopton case, but that case didn't remain the law of Mississippi much longer than the legislature could get together and change it. The legislature in 1892 enacted a statute which is now section 2131, Code 1906, by which it is submitted it is clear administrators themselves were authorized to employ solicitors in behalf of estates and make reasonable contracts with them for proper services. Such has been, we submit, the common understanding of this section by the bench and bar for thirty years. It has, we know, been the uniform practice of the chancery court of the district in which the writers reside for more than ten years to decline any interference in advance with such contracts or to make any allowance of fees, in advance of their payment or of the administrator's contract therefor, reserving the right only to review same on proper objection when brought into annual or final accounts. And the court has given its reasons therefor, which were sound and manifest, namely, that an administrator can, usually and in most cases, make a contract with his solicitor about

the estate more favorable and advantageous than the
court can by interference secure, or on the usual proof of
value of services be enabled to fix in advance.   This rule
squares with common sense and common practice every-
where according to the modern trend of authority.   For
instance we find the rule laid down in 18 Cyc. 275 under
head of Executors and Administrators (IV) Approval of
Court, as follows: ''It is not necessary that attorney's
fees paid by an executor or administrator should have
been fixed or approved by the court before payment in
order to entitle him to credit therefor,'' and the text is
supported by the citations as well there as in the 1901-
1913 annotations thereto, page 2081, and it follows *a
fortiori,* that it is not necessary that a contract for at-
torney's fees to be paid by an executor or administrator,
should have been fixed or approved by the court before
it has enough validity to support action upon it before
the court itself.

*Street & Street,* for appellee.

The two points which we regard as controlling, are:
First, whether or not the death of Howell before the
completion of his contract of service terminated the con-
tract.   In which case no recovery can be had in a suit
on the contract.   *Clifton* v. *Clark,* 83 Miss. 446.

Second, whether the court will enforce a contract for
the payment of money out of the funds of an estate when
said contract was made by the administrator without the
consent, approval or ratification of the court or chancel-
lor.   We hold that it will not, and rely mainly on *Clop-
ton* v. *Gholson,* 53 Miss. 466; *Norton* v. *Phelps,* 54 Miss.
467; *Hines* v. *Potts,* 56 Miss. 346; *Parham* v. *Stith,* 56
Miss. 465; *Stern* v. *Hampton,* 73 Miss. 555.

On the first proposition, we think it clear that, if the
correspondence attached to the bill makes a contract at
all, it makes one binding upon Howell to perform the
entire legal service connected with the administration;

and, if we are correct in this contention, then appellant cannot recover in this action on the contract, for the all-sufficient reason that the attorney died before the work was ended, and the contract was terminated by his death.

The case of *Clifton* v. *Clark*, 83 Miss. 446, settles, we think, beyond all controversy, that the contract was terminated by Judge Howell's death. We quote: "Where a contract is made with an attorney at law for professional services and it is contracted or understood that he alone is to render the service, or that his skill is depended upon exclusively, the death of the attorney terminates the contract, although he be a member of a co-partnership of lawyers."

A large number of decisions to the same effect could be cited from other states, but when the matter is so thoroughly settled by our court in language which cannot be misunderstood, it is not deemed necessary to fortify our position with authority from other states. Indeed, we do not understand that counsel for appellant disputes this, but seems to think it of no concern, while we consider it vital to his case.

As to the second contention, that the contract is non-enforceable, in the absence of an averment that it has been either approved or ratified by the court or chancellor, we find the authorities in perfect harmony; but, again, we find the court of our own state so strong and clear in upholding our position that we have not felt the need of going out of our own reports. These authorities are cited on the second page of this brief at the bottom and one on the top of this page, and we will not write them down again. An examination of the will, we think, sustain our second contention, and it would seem useless to pursue the matter further.

Cook, J., delivered the opinion of the court.

Mrs. Dora Howell, executrix of the estate of T. S. Howell, deceased, filed her petition in the chancery court of

Jones county against Mrs. Alice L. Myer, administratrix of the estate of J. P. Myer, deceased, alleging that the said J. P. Myer departed this life in 1907, leaving a large estate, and his widow, the appellee, was appointed administratrix of his estate, and proceeded with the administration thereof; that immediately after the death of said Myer, T. S. Howell, deceased, who was an attorney at law, was summoned into consultation with reference to said estate; that the estate was one of unusually large proportion consisting of assets and liabilities scattered over large areas of country, to the sum of several hundred thousand dollars, and its administration was burdened with serious and complicated difficulties; that the said T. S. Howell, deceased, proceeded as solicitor for said administratrix with diligence, caution, good judgment and considerable skill to the handling of all the manifold legal affairs thereof, and so continued up to the time of the death of said Howell, in 1910. The petition then alleges that there was a contract between the administratrix of J. P. Myer, deceased, and the said Howell, as to his fee and the amount thereof, which was fixed at five thousand dollars for the services to be rendered by him in the winding up of said estate and the discharge of said administratrix. It is further alleged that upon this contract the administratrix had paid to Solicitor Howell the sum of twenty-five hundred dollars previous to his death, and that he had in the meantime rendered service to the estate which was fairly worth four thousand dollars. It is further alleged that the administratrix could secure the services of a solicitor to render all other services in the winding up of the estate, which had not been done by the said Howell, for the sum of one thousand dollars, and thus, in all events, the estate would not be required to pay more than the original amount of five thousand dollars which the administratrix had contracted to pay Solicitor Howell. The prayer of the petition is that the administratrix of the estate of J. P.

Myer, deceased, be directed by the court to pay to the executrix of the estate of Howell, deceased, the sum of one thousand five hundred dollars in settlement of the amount which it is alleged was due him by reason of his services rendered under the contract, as above stated. The executrix demurred to this petition, on the ground that the facts set out in the said petition do not entitle petitioner to any relief, which demurrer was sustained by the court.

We think that the action of the chancellor was correct in sustaining the demurrer, as the debt claimed was not a claim against the estate. This court has held in a number of cases that: "Ordinarily, debts contracted by executors and administrators are obligatory only as personal obligations, and cannot primarily bind the estates committed to them, except in cases specially authorized by statute. This has been repeatedly held true of attorney's fees due for professional services in the management of estates." See *Clopton* v. *Gholson,* 53 Miss. 466; *Norton* v. *Phelps,* 54 Miss. 467; *Hines* v. *Potts,* 56 Miss. 346; *Parham* v. *Stith,* 56 Miss. 465; *Stern* v. *Hampton,* 73 Miss. 555, 19 South. 300.

This court has also decided that a party to a special contract cannot recover on a special contract, because he had not performed it, nor upon the *quantum meruit,* because of the existence of the special contract. *Timberlake* v. *Thayer,* 71 Miss. 279, 14 South. 446, 24 L. R. A. 231.

But it is insisted that Judge HOWELL was prevented by death from performing his contract to wind up the estate, and for this reason the administratrix should be directed to pay him the value of his services performed before his death. We think, under this court's former decisions, this position is not maintainable. While an act of God will excuse the performance of a duty created by law, it will not excuse a duty created by contract. *Harmon* v. *Fleming,* 25 Miss. 135; *Mitchell* v. *Hancock County,* 91 Miss. 414, 45 South. 571, 15 L. R. A. (N. S.)

833, 124 Am. St. Rep. 706. See, also, *Walton* v. *Hollis,* 16 South. 260.

*Affirmed.*

### ON SUGGESTION OF ERROR.

This case was decided at a former day of this term and affirmed, the court giving two reasons for affirmance, to wit: First, the debt sued on was not the debt of the estate of decedent; second, the debt sought to be recovered was based on an entire contract, and petitioner could not recover on the contract, because he had not performed it, nor upon the *quantum meruit,* because of the existence of the contract.

The latter reason is sharply challenged by the suggestion of error on file. In the original briefs filed in this case the numerous cases decided by the American courts differentiating this case from the cases heretofore decided by this court, and followed in the present case, were not cited by counsel. Inasmuch as the affirmance must stand on the first ground, without committing the court to a different view than the one heretofore expressed on the second ground, we have decided to withdraw all part of the opinion referring to the entire contract feature of the case.