BUNTING *v.* ORENDORF *et al.**

(Division A. Jan. 28, 1929.)

[120 So. 182. No. 27645.]

328

*Corpus Juris-Cyc References: Contracts, 13CJ, section 715, p. 641, n. 76; Landlord and Tenant, 36CJ, section 1321, p. 404, n. 78; Authorities discussing the question as to whether Act of God rendering performance of contract impossible is defense to action for breach of contract, see annotation in L. R. A. 1916F, 26; 12 A. L. R. 1273; 6 R. C. L. 1001; 2 R. C. L. Supp. 263; 4 R. C. L. Supp. 456; 5 R. C. L. Supp. 384; 7 R. C. L. Supp. 208.

*T. J. Lawrence* and *Henry, Canizaro & Henry,* for appellant.

*W. H. Clements,* for appellees.

Argued orally by *T. J. Lawrence,* for appellant.

McGowen, J. B. T. and A. E. Orendorf, appellees here, filed a declaration in the circuit court against C. I. Bunting, appellant here, on two promissory notes, one for one thousand dollars and the other for two hundred and fifty dollars.

To this declaration the defendant, appellant here, entered a plea and notice as if under the general issue. Upon motion of plaintiff, the plea and notice were stricken from the file.

Thereupon the appellant filed a special plea to the effect that the promissory notes were executed by him as payments of rent on certain lands belonging to the Orendorfs, to be used for agricultural purposes, for the crop year of 1927; "that by reason of the overflow and the inundation of said lands by flood waters during said year aforesaid said lands were wholly uncultivatable and no crops of any manner whatsoever were grown thereon; that the failure of planting and growing of agricultural crops on said land aforesaid during the year of 1927, A.

D., was in nowise due to negligence or fault of said defendant, but as the result of an act of God, and was wholly an act of which said defendant had no control, and this he is now ready to verify.''

Successively there were interposed four special pleas, to each of which, as they were filed, the court sustained a demurrer, on the ground that the plea presented no defense.

The last plea interposed is, in substance, as follows: That the defendant signed the two notes sued on to secure the payment of the rent for a certain number of acres of land which was leased for agricultural purposes for and during the crop year of 1927, and, at the time of the execution of the contract, both plaintiffs and defendant had in contemplation the continued existence of the land fit for cultivation of cotton, corn, etc.; but that, owing to the fact that an extraordinary and unprecedent flood of waters inundated and overflowed said land, the subject-matter of the contract, without fault upon his part, thereby totally destroying its use for the purposes for which it was leased, in so far as agricultural purposes were concerned, the defendant, by the act of God, was thus denied the possibility of making a crop, as was contemplated by both plaintiffs and defendant, and is not liable therefor.

On the motion of appellees this plea was stricken from the files, as setting up no new matters other and different from those pleas to which demurrers had theretofore been sustained.

The appellant declining to plead further, judgment final was entered upon the notes, and appeal was prosecuted here.

In addition to the usual form of note, there appeared on the notes the entry, ''For rent on one hundred and nine (fifty) acres of land secured by landlord's lien.''

It is patent that the court correctly sustained the demurrers to the special pleas in this cause. There is no

allegation that the land so rented was destroyed, and it is evidenced by the notes that the contract was for rent of land, and had nothing whatever to do with crops.

An act of God will excuse the nonperformance of a duty created by law, but will not excuse a duty created by contract, and, if a party desires relief from the performance of his contract, because of an act of God, he must contract specially against that contingency.

Counsel for the appellant cited the case of *Piaggio* v. *Somerville*, 119 Miss. 6, 80 So. 342, wherein there are cited the three exceptions which relieve from performance of contract:

First. "A subsequent change in the law, whereby performance becomes unlawful" (citing cases).

Second. "The destruction, from no default of either party, of the *specific* thing, the continued existence of which is essential to the performance" (citing cases).

Third. Performance is excused by "death or incapacitating illness of the promisor in a contract which has for its object the rendering by him of personal services."

He now contends, under the second exception, that the overflow of the land, which rendered the land incapabl of use for crop purposes, is such destruction as is specified therein, and that he was entitled to a deduction in proportion to the loss sustained by him, because the overflow rendered the land incapable of cultivation.

He cites the case of *Taylor* v. *Hart,* 73 Miss. 22, 18 So. 546, 30 L. R. A. 716, in which the destruction of a gin by fire was permitted by this court to be considered as a factor in estimating the value of the lease, and the amount of the loss by fire was allowed to be deducted, *pro tanto.*

The difference in the case at bar and the *Taylor case, supra,* is obvious. The gin was destroyed—wiped out of existence by fire. We cannot extend the rule. This court has held that high water or overflow does not annul a contract, nor relieve from the payment of rent for the

leased premises, unless the promisor in the contract provides specifically against such contingency in the contract. *Jemison* v. *McDaniel*, 25 Miss. 83.

The demurrers to the pleas successively interposed as filed were properly sustained by the court below, as none of the pleas constitute a defense to the enforcement of the contract.

*Affirmed.*