GREENVILLE INSULATING BOARD CORPORATION v. McMURRAY.

(Division A. Jan. 23, 1933. Suggestion of Error Overruled Feb. 20, 1933.)

[145 So. 730. No. 30338.]

810

Percy, Strauss & Kellner, of Greenville, for appellant.

Farish, Bell & Felts, of Greenville, for appellee.

Argued orally by **Ernest Kellner, Jr.,** for the appellant, and by **H. P. Farish,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee contracted with the appellant to, and did, deliver to it a barge for use by the appellant for a period of five months, for which it was to pay the appellee two hundred fifty dollars, in installments of fifty dollars per month. The contract stipulates that: "The lessee, Greenville Insulating Board Corporation, agrees to return to the lessor, C. H. McMurray, said barge in the same condition as received. This does not bind the lessee, however, to make payment for any damages due to tornadoes, cyclones, floods, or any act of God. Neither does it bind the lessee to make payment for any damages due to ordinary wear and tear from reasonable use of the barge."

The appellant failed to return the barge at the expiration of the contract, and this suit was instituted by appellee to recover the value thereof, and also an unpaid balance of the rent therefor. The appellant's defense is that the barge was rammed and destroyed by a steamer during a fog, without negligence on its part. At the close of the evidence, the court directed a verdict for the appellee, and there was a judgment accordingly.

The appellee's first contention is that the obligation of the appellant to return the barge to him is absolute, and therefore, if it is unable to return it, it must pay the value thereof.

Unless changed by contract a bailee or lessee of personal property is not an insurer of the property bailed or leased, and it not liable for the value thereof to the bailor or lessor when it is destroyed without negligence on his part. Meridian Fair & Exposition Assn. v. North Birmingham St. Railway Co., 70 Miss. 808, 12 So. 555; Fowler v. Payne, 49 Miss. 32; Levey v. Dyess, 51 Miss. 501. In order for a contract to change this obligation to that of an insurer, it must expressly so provide or con-

tain a stipulation absolutely requiring the redelivery of the property, or a stipulation which is equivalent thereto. Levey v. Dyess, supra. This is in accord with practically all of the authorities, and is but a specific application of the rule applying to agreements to deliver property in the future which is destroyed or perishes before the date fixed for its delivery. This rule is thus stated in section 281, A. L. I. Rest. Contracts: "In promises for an agreed exchange, a promisor is discharged from the duty of performing his promise if substantial performance of the return promise is impossible because of the non-existence, destruction or impairment of the requisite subject-matter or means of performance, provided that the promisor has not himself wrongfully caused the impossibility or has not assumed the duty that the subject-matter or means of performance shall exist unimpaired." See, also, Piaggio v. Somerville, 119 Miss. 6, 80 So. 342.

The appellee's contention is that, because of the stipulation in the contract that the appellant shall not be liable for damage to the barge "due to tornadoes, cyclones, floods or any act of God," or "to ordinary wear and tear from reasonable use of the barge," it impliedly obligates itself to return the barge at all events, unless it should be destroyed by a tornado, cyclone, flood, or an act of God. All these exceptions, it will be observed, are such only as at common-law would relieve the appellant from liability for damage to the barge, and therefore add nothing to its release therefrom; and the rule is that the use of such words does not evidence an intent to assume a greater obligation than that imposed by the common-law. As said by the New York Court of Appeals in Young v. Leary, 135 N. Y. 569, 32 N. E. 607, 609, quoted with approval in Mulvaney v. King Paint Mfg. Co. (C. C. A.), 256 Fed. 612, "when language is used which does no more than express in terms the same obligation which the law raises from the facts of the transaction itself,

the party using the language is no further bound than he would have been without it." This is in accord with the weight of authority, though there are a few courts which seem to hold the contrary.

In Levey v. Dyess, supra, the contract was to return "a sawmill in good, running order, except the usual wear and tear, and the long carts, implements and tenements, without damage, except the running wear and usage." This language was held not to impose "upon the tenant the responsibility of an insurer," the court saying, "if that greater risk is assumed, it must be clearly and explicitly set forth in the contract."

Among the cases relied on by the appellee are Jemison v. McDaniel, 25 Miss. 83; Harmon v. Fleming, 25 Miss. 135; Abby v. Billups, 35 Miss. 618, 72 Am. Dec. 143; Mitchell v. Hancock County, 91 Miss. 414, 45 So. 571, 15 L. R. A. (N. S.) 833, 124 Am. St. Rep. 706; and Sun Printing & Publishing Ass'n v. Moore, 183 U. S. 642, 22 S. Ct. 240, 46 L. Ed. 366. The first two of these cases involve only a lessee's liability for rent of property destroyed before the expiration of the lease. In Abby v. Billups and Sun Printing & Publishing Ass'n v. Moore, the contract required the lessee to keep the leased property in repair and to surrender it in as good condition as when received. The covenant to repair was held to be equivalent of a covenant to rebuild or restore. That such is the effect of such a covenant was pointed out in Levey v. Dyess, supra. In Mitchell v. Hancock County, the contract provided that "said J. W. Mitchell (the builder) by these presents insures and guarantees to keep said bridge in repair for a term of five years, . . . and if said bridge shall be removed from any cause, fire excepted, within the time of five years, he shall rebuild the same without additional cost to the county of Hancock."

The appellee's second contention is that the evidence does not disclose that the barge was destroyed. After

proving the appellant's failure to return the barge to him, the appellee proceeded to prove that it was rammed by a steamer which knocked a corner off of it and "sunk it to the deck level." He then assumed, in further questions to his witnesses, that the barge had been destroyed, such as, "Where were you at the time the barge was destroyed?" and "You have no personal knowledge about the weather at the time the barge was destroyed?" The evidence for the appellant discloses the ramming of the barge, but is silent as to what resulted therefrom. The appellant had the right to rest on the evidence and assumption of the appellee that the barge had been destroyed.

The appellee's third and last contention is that, if his first and second contentions should be overruled, the appellant is nevertheless liable to him for the value of the barge, for the reason that the evidence discloses that it was destroyed because of the negligence of the appellant. The evidence was such that this inference cannot be drawn therefrom as matter of law, but was for the determination of the jury.

Reversed and remanded.