## REEDY v. ALLEN.

(Division A. March 14, 1938.)

[179 So. 569. No. 33014.]

Cooper & Thomas, of Indianola, for appellant.

B. B. Allen, of Indianola, for appellee.

L. Barrett Jones, of Jackson, for appellee.

McGowen, J., delivered the opinion of the court.

B. B. Allen, the appellee, filed his petition "in the matter of the estate of J. N. Johnson, deceased, v. Catherine Alexander Reedy, Administratrix de bonis non," as an attorney at law. In the petition he alleged that the appellant, Catherine A. Reedy, administratrix, etc., was then in office, and that prior thereto Mrs. Nell Johnson Hancock had served in that capacity, and that he represented her as her attorney in the year 1935; that, upon her going out of office, in his capacity as attorney he

prepared and filed a final account for Mrs. Hancock; that Mrs. Catherine A. Reedy filed exceptions and objections thereto, which were disallowed on a hearing; and the final account was approved and allowed by the court after an extended hearing; that thereafter Mrs. Reedy appealed to the Supreme Court, where the case was heard; that appellee represented Mrs. Hancock in both the chancery and the Supreme Court. The case was affirmed in the Supreme Court, the final account being approved and allowed; 173 So. 800.

The appellant, Mrs. Reedy, administratrix, etc., appeared in court by her attorney, filed no pleadings, but objected to all the evidence which tended to sustain the allegations of the petition. The final account, and other proceedings in connection therewith, were offered in evidence by the appellant. There was considerable testimony as to the degree of skill of the attorney who filed Mrs. Hancock's final account, and the value of the services rendered, a disinterested attorney testifying to the effect that the value of B. B. Allen's services, as detailed by him, was $1,000.

It appeared that Mrs. Hancock had served as administratrix and trustee of the estate by appointment of the chancery court, her predecessor having died. The appointment by the chancery court was contested, and the case appealed to this court; the opinion therein, removing Mrs. Hanock, is to be found in the case of Alexander v. Hancock, 174 Miss. 482, 164 So. 772, 165 So. 126. There was no evidence of any contract of employment between the attorney at law and his client, Mrs. Hancock, as administratrix and trustee, nor was there any evidence that such contract had existed between him and Mrs. Reedy, the then administratrix and trustee. The will conferring power, if any, upon the trustee was not offered in evidence. The final account does not show any petition for the allowance of attorney's fees by Mrs. Han-

cock, as administratrix or otherwise, nor is there any rejoinder by Mrs. Hancock in this ex parte proceeding. There was no express contract on the part of Mrs. Hancock, as administratrix and trustee, with Allen, as attorney, to file the final account.

It is the general practice, when an attorney files a final account, for the administratrix to pray the allowance to her of a reasonable sum paid by her to her attorney for services in the preparation and presentation of the account. The decree here, allowing this sum, leaves the present administratrix and trustee entirely unprotected as against a contest thereon, upon payment by her of the amount awarded to the attorney in the decree, should this allowance later be objected to by parties interested in the estate.

The appellee, in an effort to uphold the order or decree in the court below, allowing the attorney's fee in this proceeding, seeks to avoid the controlling statute and the decisions of this court by asserting that it was the duty of the administratrix to object to his filing the petition, as a party, or as being an improper party, citing the several statutes considered to be applicable. There is no merit in the contention. Neither the petition nor the proof showed any power in the administrator or trustee to make a contract binding the estate; nor was it shown that Mrs. Hancock, the administratrix, was insolvent, or that she was out of the state.

This case presents, not a question of misjoinder or nonjoinder of parties, but of failure to prove any liability on the part of the estate. At most it is here shown that Mrs. Hancock was liable on a quantum meruit, for the value of the services of the attorney as her representative in making and filing the final account.

Ordinarily, and generally, when an administrator or executor employs an attorney, he is personally and directly liable under the terms of employment; and in such case will be entitled, in connection with his annual

and final settlement, to credit for such reasonable sums as have been paid by him for the attorney's services in connection with the management, or on behalf of the estate, if the court be of the opinion that the services were proper and rendered in good faith. See section 1734, Code of 1930. Debts contracted by an administrator or executor are personal obligations, and not the debts of the estate; and especially is this true in regard to attorney's fees. Howell v. Myer, 105 Miss. 771, 63 So. 233, 234, and authorities there cited. The facts of this case bring it within the announcement in the above case, wherein the court said: "Ordinarily, debts contracted by executors and administrators are obligatory only as personal obligations, and cannot primarily bind the estates committed to them, except in cases specially authorized by statute. This has been repeatedly held true of attorney's fees due for professional services in the management of estates." See Clopton v. Gholson, 53 Miss. 466; Norton v. Phelps, 54 Miss. 467; Hines v. Potts, 56 Miss. 346; Parham v. Stith, 56 Miss. 465; Stern v. Hampton, 73 Miss. 555, 19 So. 300.

This rule is approved in Gwin v. Fountain, 159 Miss. 619, 126 So. 18, 132 So. 559, although the court there held that the terms of the will vested the power in the trustee to bind the estate for the reasonable attorney's fee included therein, notwithstanding section 1734, cited above. No such case is presented by the petition and proof in the case at bar.

We are therefore of the opinion that no evidence was offered upon which the chancery court could make an order or decree binding the estate here involved for the attorney's fee claimed. The appellee, however, is not without his remedy, which is plainly marked out in the above decisions of this court.

Reversed and decree here for appellant.