WRIGHT et al. v. WRIGHT et al.

(Division A. May 4, 1931.)

[134 So. 197. No. 29424.]

D. B. Cooley, of Laurel, for appellants.

Montgomery & Buchanan, of Laurel, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

The appellees exhibited an original bill in the court below against Annie Wright and D. B. Cooley, alleging, in substance, that they are the only heris at law of Van Wright, who died seized and possessed of certain land, his homestead, on which he had given a deed of trust to Annie Wright to secure the payment of an indebtedness due her by him, in which deed of trust the appellant D. B. Cooley was trustee. After the death of Van Wright, Cooley sold the land in accordance with the provisions of the deed of trust, and Annie Wright purchased it for a sum in excess of the indebtedness due her by Van Wright.

The bill also alleges that Annie Wright has been in possession of said land since the death of Van Wright and prays for an accounting by the appellees for the surplus remaining after deducting the amount of the indebtedness due by Van Wright to Annie Wright from the amount paid or agreed to be paid by her for the land, and for an accounting from Annie Wright for the amount due by her as rent on the property after Van Wright's death.

The appellants' answer denied that the land was Van Wright's homestead, admitted the purchase at the trustee's sale by Annie Wright for an amount exceeding the debt secured by the deed of trust, and admitted that she had been in possession of the property for ten months.

The answer then alleges that Annie Wright has been duly authorized as administrator of Van Wright's estate and that she is entitled, as such, to the proceeds of the sale of the land in excess of the debt secured thereon which excess Cooley, the trustee, turned over to her.

After hearing evidence as to whether or not the land was the homestead of Van Wright, the court rendered a decree directing the appellants to pay to the appellees the amount paid by Annie Wright for the land in excess of the debt secured thereon, and the expense incident to the sale; that Annie Wright be charged with a reasonable rental of the property for the time she was in possession of it after Van Wright's death and prior to her purchase of it at the trustee's sale, and appointed a master to ascertain the amounts so due the appellees. From this decree an interlocutory appeal to this court was granted.

The evidence is insufficient to support the appellees' claim that the property was Van Wright's homestead. He had formerly resided thereon, but at the time of his death had caused for several months so to do, and it does not appear from the evidence that his removal therefrom was "temporary, by reason of some casualty or necessity, and with the purpose of speedily reoccupying it as soon as the cause of his absence can be removed." Section 1776, Code of 1930.

That the land was not Van Wright's homestead does not render the decree of the court below incorrect in so far as it adjudicates the right to the excess of proceeds of the sale of the land by the trustees over the debt secured by the deed of trust thereon.

Under section 2128, Code of 1930, the title to this land remained in Van Wright after the execution by him of the deed of trust thereon, and, on his death, it descended, under section 1402, Code of 1930, to, and became vested in, his heirs. Campbell v. Doyle, 57 Miss. 292; Gordon v. James, 86 Miss. 719, 39 So. 18, 1 L. R. A. (N. S.) 461. When it was sold under the deed of trust, the title had vested in these heirs and therefore they, and not Van Wright's administrator, were entitled to the foreclosure sale. 23 C. J. 1146. Section 1643, Code of 1930, pro-

vides that: "The goods, chattels, personal estate, choses in action, and 'money of the deceased, or which may have accrued to his estate after his death from the sale of property, real or personal, or otherwise, and the rent of lands accruing during the year of his death, whether he died testate or intestate, shall be assets, and shall stand chargeable with all the just debts and funeral expenses of the deceased, and the expenses of settling the estate; and the lands of the testator or intestate shall also stand chargeable for the debts and such expenses over and above what the personal estate may be sufficient to pay, and may be subjected thereto in the manner hereinafter directed." The words "which may have accrued to his estate after his death from the sale of property" have no application here, for the money here obtained from the sale of the property by the trustee in this deed of trust did not accrue to decedent's estate, and will not accrue thereto, unless and until the court shall so order in a proper proceeding under the statutes which permit an administrator to resort to a decedent's real estate for the payment of the decedent's debts. No claim is here made that it was necessary for the administrator to so do.

It follows from the foregoing that the payment by the trustee to Annie Wright of the money received by him from the sale of the land in excess of the debt secured thereon and the expenses incidental to the foreclosure sale did not acquit him from liability to the appellees therefor.

Under section 1643, Code of 1930, the rent of the property accruing during the year of Van Wright's death is an asset in the hands of his administrator; and, as we understand the record, the possession by Annie Wright of the property prior to her purchase thereof was during the year of Van Wright's death.

The decree of the court below will be affirmed in so far as it adjudicates the right to the money received by

the trustee from the sale of the property under the deed of trust; but will be reversed as to Annie Wright's liability to account to the appellees in this proceeding for any rent that may be due by her for the property.

Affirmed in part; reversed in part, and remanded.