FIDELITY & DEPOSIT CO. *v.* DOUGHTRY *et al.*

(Division A.   March 28, 1938.)

[179 So. 846.   No. 33012.]

William I. McKay, of Vicksburg, for appellant.

**Brunini & Hirsch,** of Vicksburg, for appellees.

**McGehee, J.,** delivered the opinion of the court.

This is an appeal from a final decree of the chancery court of Warren county rendered against the appellant as surety of Joseph Vincent Lavecchia, administrator de

bonis non with will annexed, in the matter of the estate of Vincent Lavecchia, deceased. The decree was against the administrator for the principal sum of $15,344.76, plus $2,506.18 as accrued interest, and against the surety for the sum of $5,000, the penalty of the bond, with interest. The administrator claimed on the trial that he was entitled to numerous credits which were disallowed by the court below, but it is unnecessary that we consider the question of his right to such credits, except in so far as they may affect the liability of his surety, which alone prosecutes this appeal.

The record discloses that Vincent Lavecchia, late of Vicksburg, Miss., executed his last will and testament on December 1, 1913, wherein he named his nephew, Joseph Lavecchia, as executor; that the testator died on the 17th day of January, 1916, owning the National Park Hotel and other real estate in the city of Vicksburg from which considerable rents were accruing from month to month; and that he left certain life insurance, stock in various corporations which was of little value, together with notes and other personal property. The executor named in the will qualified as such on January 21, 1916, gave and published the notice to creditors as required by law, and administered the estate until near the due date of his third annual account, when he died, leaving his wife, Theresa Lavecchia, the executrix of his last will and testament, and who thereupon qualified and rendered the third annual and final account of her husband, Joseph Lavecchia, as executor of the last will and testament of the said Vincent Lavecchia deceased. Thereupon Joseph Vincent Lavecchia, son of Vincent Lavecchia, deceased, qualified as administrator de bonis non and c.t.a. of his father's estate, with the appellant as surety on his bond in the penal sum of $5,000.

The will of Vincent Lavecchia, deceased, provided, among other things, for the payment of all his legal and just debts by his executor; bequeathed to his sons, Jos-

eph Vincent Lavecchia and Frederick Lavecchia, his stock in the Park Hotel Company, the then lessee of the National Park Hotel, which stock was delivered to them respectively by the executor named in the will; directed the executor to use all cash money on hand, together with the proceeds of all of the testator's life insurance policies and proceeds of the sale of all his stock in various corporations, in the payment of any mortgages existing on the property of the estate at the time of the testator's death; 'provided that none of his children should have the power to sell or mortgage or in any way encumber his or her share of the property until he or she should arrive at the age of twenty-five years, but that he or she on arriving at the age of twenty-one years should receive his or her net income from their estates from the testamentary guardian, and also named the executor as such testamentary guardian; and bequeathed the residue of the estate, both real and personal, to the children.

It does not appear that Joseph Vincent Lavecchia succeeded the original testamentary guardian in that capacity on behalf of the minor children.

It is contended by the appellees, who are the children of Vincent Lavecchia, deceased, that the foregoing provisions of the will had the effect of creating a trust to be administered by the executor and his successor, the administrator de bonis non and c.t.a. We are unable to agree with this contention. The will neither by express provision nor by necessary implication creates a trust. All the property of the testator owned by him at the time of his death was charged, by operation of law, with the payment of his debts, and his executor and subsequent administrator were likewise charged under the law with the duty of applying it to the payment thereof. The will did not confer upon the executor the control and management of the real estate, nor the management of any of the business of the testator or of the devisees, except

to the extent that our statutes confer such authority on them for the purpose of paying the debts and the expense of administering the estate.

We have stated the substance of the pertinent paragraphs of the will that could in any wise support the contention of the appellees that a trust was created, and we find that under the authorities these provisions did not serve to create a trust. 69 C. J. 735; Cudahy Packing Co. v. Miller's Estate, 103 Miss. 435, 60 So. 574; Cohn v. McClintock, 107 Miss. 831, 66 So. 217; Stevens v. Dunlap Mercantile Co., 108 Miss. 690, 67 So. 160.

This proceeding is by petition on behalf of all the devisees in the will filed on February 27, 1936, seeking to require the administrator c.t.a. to account for the rents collected and rents which accrued and were not collected on the real estate devised to him and the appellees as tenants in common covering the period from December 3, 1918, to July 31, 1934, and a decree setting aside a conveyance of the property of the administrator c.t.a. to his wife, and fixing a lien thereon for the amount found to be due, and also a decree against the surety for the amount of the penalty of the administrator's bond. An audit which the appellees had caused to be made, covering the period during which the rents were collected or accrued, was filed as an exhibit to the petition. The administrator c.t.a. admitted the correctness of the audit with certain exceptions, including $13,328.18 charged as rents accrued but which were not received by the administrator, and specifically denied the correctness of the charges mentioned in the exceptions. Although the audit was not a proper exhibit to the petition and constituted no evidence in support of the petition until the items thereof were shown to be correct, the administrator c.t.a. and his surety were required to assume the burden of proof in showing the incorrectness of the audit made at the instance and expense of the appellees. Included in the item of $13,328.18 charged for rents held to have

accrued but which were not received by the administrator c.t.a. was the sum of $7,500 in rents on the National Park Hotel during certain periods of the depression—from July 1, 1931, to September 30, 1933, and from May 1, 1934, to July 31, 1934—when the hotel was without a tenant and was operated by the administrator c.t.a. in his individual capacity without any order from the court, and at a loss to himself, according to the testimony, in order to keep it a going concern. This charge of $7,500 for rent is included in the final decree of $15,344.76, plus $2,506.18 accrued interest, against the administrator c.t.a., as such, and for a part of which the surety was decreed to be liable, contrary to the holding of the court in the case of Hayes v. National Surety Co., 169 Miss. 676, 153 So. 515, 522, where the court said:

"The claim for rent of the Hayes land farmed by Bennie Hayes after the year of her appointment cannot be sustained against her as administratrix or against her bondsmen, because she obtained no order of the court authorizing her to cultivate the plantation, and therefore her course in the cultivation of the plantation was as a tenant in common with her coheirs and not as an administratrix."

The remainder of the sum found to be due under the decree, as shown by the audit filed by the appellees as an exhibit to their petition and the proof in the case, consists of a part of the rents collected during the period from December 3, 1918, to July 31, 1934, and which period began nearly three years after the death of the testator. There was no order of the court sought or obtained by the administrator c.t.a. and no authority conferred by the provision of the will for him to lease the property and collect the rents therefrom.

It is contended by the appellant, and the statement is not challenged by the appellees, that the sum of $74,486.05, rents collected, and of which the amount decreed against the administrator c.t.a. and his surety forms a

part, was received from real estate devised to the administrator c.t.a., and the appellees as tenants in common subsequent to the payment of the last claim probated against the estate on July 9, 1928, and also subsequent to the payment of all secured claims against the real estate, including a bond issue and interest thereon amounting to the sum of $52,748.60, which was outstanding on the National Park Hotel property as an indebtedness of the testator at the time of his death. In other words, this $74,486.05 was collected at a time when the administrator c.t.a. had no further duties to perform as such, and at a time when he was acting as a tenant in common with his coheirs and not as an administrator, according to the holding in the case of Hayes v. National Surety Co., supra, wherein it was stated, in effect, that, where no order of the court is obtained for leasing the real estate subsequent to the year of the death of the testator, the administrator acts as a tenant in common with his coheirs, and neither he nor his bondsmen can be held liable for the rents in his capacity as administrator c.t.a.

It is not permissible that either the heirs at law or the devisees under a will should acquiesce in the action of an executor or administrator in assuming control and management of their property, and in collecting and expending the rents therefrom, without authority from the court, for a long period of time after the debts, both secured and unsecured, have been paid and the estate fully administered, and then hold the executor or administrator and their sureties, as such, liable for the funds so handled.

From what we have said it follows that the liability of the surety must be determined by the condition of the bond to the effect that the administrator c.t.a. should faithfully discharge all the duties required of him by law, when considered in connection with section 1618, Code of 1930, which requires such administrator to enter into a bond conditioned to well and truly execute the will as

far as the same may be consistent with law, and faithfully discharge all the duties required of him by law. In this connection it may be observed that Joseph Lavecchia, the executor named in the will, reported in his first annual account the collection and disbursement of the life insurance, the cash on hand at the death of the testator, together with considerable sums of money collected as rents on the real estate during the year of the death of the testator, aggregating the total sum of $29,-445.03, and that he disbursed the sum of $29,126.08 thereof in payment of probated claims against the estate, taxes, and in advancements to himself as testamentary. guardian, and to the adult devisees under the will, leaving a net balance of $318.95. He reported in his second annual account the receipt of the sum of $18,133.20 collected for the most part from rents on the real estate, devised to the children, during the second year of his administration as executor, and disbursed the sum of $17,227.75 in like manner, leaving a net balance of $977.45. The wife of the said executor acting as the executrix of his last will and testament, in filing his third annual and final account, reported the receipt of the sum of $16,694.-40 collected for the most part as rents on the real estate during the third year following the death of the testator, and disbursed the sum of $16,692.82 in the same manner as the executor had done, leaving a net balance of $1.65 which she paid to Joseph Vincent Lavecchia, the administrator c.t.a., together with the delivery to him of one Buick automobile, which was finally worn out in use as the family car; a quantity of household goods and furnishings left by the testator in his home; three promissory notes of the Jones Drug Company for $125 each; one note of W. J. Reynolds for $4,252.05 which she regarded as, and which proved to be, worthless; seventeen shares of stock in the Mississippi Printing Company of of the par value of $50 each, and certain other corporate stock which was reported by her as being worthless, or

which later proved to be worthless. At the time of the hearing the administrator c.t.a. had received the sum of $816 in dividends from the Mississippi Printing Company, and held the said seventeen shares of stock as an unadministered asset of the estate.

The third annual account as filed by the executrix of Joseph Lavecchia, executor, discloses that she paid to the administrator c.t.a., in addition to the sum of $1.65 in cash above mentioned, certain rents which she had collected from the real estate of the testator in the sum of $4,421.08. These two sums of money, together with the personal property, notes, and corporate stock above mentioned, constitute the total assets reported as property belonging to the estate of the testator by the executrix of the estate of the executor named in the will and delivered to the administrator c.t.a., the rents in the sum of $4,421.08 having been collected as aforesaid during the period covered by the third annual account on the real estate devised to the appellees under the will, and without authority from the court or from the terms of the will.

The provisions of the will of Vincent Lavecchia did not in anywise confer on the executor any authority to collect and administer on the rents derived from the real estate, and under the law he had no authority to collect the same, except during the year of the death of the testator. We must likewise look to the provisions of the will and to the statute to ascertain the authority of the administrator c.t.a. in that behalf. There was no effort made to obtain authority from the court to lease any of the real estate following the year of the death of the testator, or to sell any part thereof for the purpose of paying debts, hence the action of the administrator was, as aforesaid, in his capacity as a tenant in common with his coheirs and not as an administrator.

Section 1643, Code of 1930, provides as follows: "The goods, chattels, personal estate, choses in action, and money of the deceased, or which may have accrued to

his estate after his death from the sale of property, real or personal, or otherwise, and the rent of lands accruing during the year of his death, whether he died testate or intestate, shall be assets, and shall stand chargeable with all the just debts and funeral expenses of the deceased, and the expenses of settling the estate; and the lands of the testator or intestate shall also stand chargeable for the debts and such expenses over and above what the personal estate may be sufficient to pay, and may be subjected thereto in the manner hereinafter directed.''

In the case of Wright et al. v. Wright et al., 160 Miss. 235, 134 So. 197, the court held that the words contained in the above-mentioned statute, "which may have accrued to his estate after his death from the sale of property,'' have no application to funds derived from the sale of property by a trustee in a deed of trust in excess of the indebtedness, and that such excess funds did not accrue to the decedent's estate by being paid to the administrator by the trustee, for the reason that the land sold belonged to his heirs at law; and that such excess funds cannot accrue to the estate unless and until the court shall so order in a proper proceeding under the statutes which permit an administrator to resort to a decedent's real estate for the payment of the decedent's debts.

The rights and powers of an administrator c.t.a. are clearly defined by sections 1621 and 1622, Code of 1930, and, unless the funds sought to be recovered were assets accruing to the estate and were received by the administrator c.t.a. as such, they were not covered by the administrator's bond.

The proof shows that the administrator collected a total sum of $298,333.35, as shown by the auditor's report, and that this entire amount consisted of rents collected by him from the devised real estate of his codevisees and cotenants over a long period of years, beginning on December 3, 1918, except the sum of $19,781.64, consisting of the $816 in dividends from the stock in the

Mississippi Printing Company; $1,100 in proceeds from the sale of a farm made by the devisees themselves, and not by any order of the court for the purpose of paying debts; the sum of $12,125.52 borrowed from a bank by the devisees and turned over to the administrator; the sum of $5,570.12 in proceeds from fire insurance policies of their own covering certain buildings on the devised real estate; and the sum of $170 in checks which he was credited with on the hearing as error; and the $1.65 in cash received from the executrix of the executor named in the will.

After receiving from the executrix of the estate of the executor under the will the sum of $4,421.08 as rents collected by her during the third year after the death of the testator, and the sum of $1.65 in cash, the latter amount probably constituting an asset of the estate instead of money belonging to the heirs as rent from the devised realty, the administrator c.t.a. disbursed from funds collected by him in rents the total sum of $274,314.91 in payment of probated bonds, notes, interest, insurance, federal and state income and estate taxes, and other items in which were included as advancements to the devisees under the will the sums of $50,625.93, and $71,348.60 as city and county taxes, and $3,650 paid to the executrix of the estate of the executor for his services in the administration of the estate. Thus it may be presumed that the item of $816 received in dividends from the stock in the Mississippi Printing Company, and which may be properly considered as an asset of the estate of Vincent Lavecchia, deceased, and received by the administrator c.t.a. in his capacity as such, was disbursed as a part of the items advanced to the appellees, and in taxes and executor's fees, in the absence of any proof to the contrary. The Buick automobile was worn out as a family car, and the only other asset of the estate received was the household furniture and equipment left by the testator in his home, which was exempt by operation of law, and the title thereto was vested in the children of the testator

and was not chargeable to the administrator as an asset of the estate to be administered under his bond. Section 1656, Code of 1930; Hayes v. National Surety Co., supra, in which case it was expressly held that an administrator de bonis non could not be charged with the entire personal property received but only as to the part not exempt, even though the appraisers did not set the exempt property apart.

The failure of the administrator c.t.a. to report annually to the court his action in handling the property that might be properly termed assets belonging to the estate was a breach of his official bond, but this is a suit for the recovery of specific items, and not one for damages alleged and proven on account thereof, where even nominal damages and costs could be allowed against the surety under this state of case.

Therefore, the decree in the sum of $5,000 with interest rendered against the appellant as surety must be reversed.

Reversed, and judgment here for the appellant.