RALSTON *v.* BANK OF CLARKSDALE.

(Division B. April 1, 1940.)

[194 So. 923. No. 34103.]

346

Roberson & Luckett, of Clarksdale, for appellant.

W. W. Venable, of Clarksdale, for appellee.

Argued orally by **Semmes Luckett**, for appellant, and by **W. W. Venable**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Mrs. Annie Lawler, deceased, executed a will prior to her death in which the Bank of Clarksdale was appointed executor. The estate consisted of something over $65,000, a considerable portion of which was in bank deposits and other solvent assets. It was necessary to

have an ancillary administration in the State of Tennessee to collect $2,100 deposited in a bank in that State. When the administration was completed, the administrator filed a claim for an allowance as compensation for his services, and suggested $2,000 as a reasonable amount therefor, and also for an allowance to the attorney as compensation for his services in the said matter in the sum of $600. Frank Ralston, Sr., guardian of his children, Elizabeth Ann Ralston and Frank Ralston, Jr., who were legatees in the will, on being summoned to show cause why the final account should not be approved and said compensation allowed filed objections, and the chancellor heard the testimony bearing on the matter and allowed the executor $2,000 as his compensation, and allowed $600 as attorney's fee to the bank's attorney for services in the said matter, and this appeal is prosecuted from decree allowing said fees.

The matter of allowance of fees to executors and administrators for services rendered in the administration of the estate rests in the sound discretion of the chancery court, there being a minimum allowance of not less than one per cent and the maximum amount seven per cent. This is provided in Section 1740 of the Code, which reads as follows: ''On the final settlement the court shall make allowance to the executor or administrator for the property or the estate which has been lost, or has perished or decreed in value, without his fault; and profit shall not be allowed him in consequence of increase. And the court shall allow to an executor or administrator, as compensation for his trouble, either in partial or final settlements, not less than one nor more than seven per centum on the amount of the estate administered; in addition to which the court may allow him his necessary expenses.''

Unless the record discloses an abuse of the discretion vested in the chancery court, this Court will not disturb the chancellor's action in fixing such fees within the limits provided by the statute. Brown v. Franklin, 166

Miss. 899, 145 So. 752; King v. Wade, 175 Miss. 72, 166 So. 327. The chancellor is familiar with what is done by an executor-administrator in his court and services of the attorneys representing them therein, and is familiar with the practice of attorneys in his court and the charging of fees for similar services, and he is in a position to judge accurately the value of such services rendered in his court. There are numerous elements that enter into the consideration of what amount of compensation should be allowed within the limits fixed by law, and the mechanical work of making out the reports and of collecting the money and of disbursing it is not the only thing to be considered. The skill, the responsibility, and the amount involved are elements that the Court will take into consideration in fixing such compensation. Service skillfully, promptly, and efficiently rendered should be recognized as being of value to the estate in administering it and the speedy disposition of the matter winding up and settling the estate are important elements and are factors to be recognized and encouraged. It is not merely the labor performed or required in the manual work of collecting and disbursing the funds of the estate, but the responsibility and skill are important elements. There are often matters in which skill and business judgment become very desirable factors, and these properly exercised save much trouble and confusion in such matters.

Looking at the evidence as a whole in the case, we are unable to say that the chancery court abused its discretion in allowing the fees to the executor. There is no contest over the allowance of the amount to the attorney, and the judgment of the court below is affirmed.

Affirmed.