HUTTON *v.* GWIN *et al.*

(Division A. April 22, 1940. Suggestion of Error Overruled May 6, 1940.)

[195 So. 486. No. 34126.]

J. B. Hutton, Jr., for appellant.

A. M. Pepper, of Lexington, for appellees.

Griffith, J., delivered the opinion of the court.

So far as material to the question now under consideration, the will which is here involved is as follows:

"I, John D. Gwin, a citizen and resident of Lexington,

Holmes County, Mississippi, of sound and disposing mind and memory, and conscious of the uncertainty of life and of the certainty of death, do make this my last will and testament, revoking all other wills and testaments that I may have heretofore made.

"Item 1. I devise and bequeath to my beloved wife Annie Kelly Gwin an undivided one-half interest in all of my property both real and personal, subject to provisions hereinafter made.

"Item 2. I devise and bequeath to my son John D. Gwin, Jr., an undivided one-half interest in my estate both real and personal, subject to the conditions and provisions hereinafter set forth.

.     .     .     .     .     .

"Item 5. I hereby designate and appoint my said wife Annie Kelly Gwin, Guardian of the estate and person of my said son John D. Gwin, Jr., and Trustee of his said estate after he becomes twenty-one years of age, and I further provide that my said son shall receive one-half of said personal estate or property so bequeathed to him hereunder when he arrives at the age of twenty-five years, and the remainder thereof when he arrives at the age of thirty-one years. My said wife as Guardian or her successor to give bond as Guardian until my said son arrives at twenty-one years of age, and thereafter give bond as Trustee until my said son arrives at the age of thirty-one years. . . .

"Item 6. I further provide that any real estate in which my said son may have an interest under provisions of this will, may be sold by his said Guardian or Trustee, as the case may be, by and with the consent of the Chancery Court of Holmes County, Mississippi, if in the opinion of Guardian or Trustee such sale or sales would be to the best interest of my said son, either for cash or for credit, on such terms as said Guardian or Trustee and the Court may deem advisable.

"Item 7. I further provide that the Guardian or the Trustee of the estate, as the case may be, of my said son

shall expend and advance sufficient sums from time to time from the income of said estate and from the corpus thereof, if necessary, for the suitable support, maintenance, and education of my said son, until he arrives at his twenty-fifth year when he is to receive one-half of said personal estate herein bequeathed to him, and that the remainder of said estate to be so held and controlled and invested under orders of Court until my said son arrives at his thirty-first year, when the same shall be delivered to him as hereinbefore provided.

"Item 10. It is my desire and I so provide that the Guardian or Trustee of the estate of my said son, as the case may be, shall have all necessary and requisite and full authority to rent, operate, or sell said real estate devised my said son, under proper orders of the Chancery Court, that is the approval of the Court from time to time and under such terms and conditions as may be agreed upon.

"Item 11. It is my desire that this will be liberally construed for the purpose of carrying out all of my wishes and intentions, as the same appears herein, and that the Court shall have this in mind in the construction of any provision herein.

"In testimony whereof I have this the 31st day of July, 1936," etc.

The testator died on April 20, 1937. His will was duly probated on May 4, 1937. Annie K. Gwin was appointed guardian of the minor, John D. Gwin, Jr., on May 4, 1937. The minor was between eighteen and nineteen years old at that time.

The petition now before us is by the attorney who was employed by the guardian for and during the first year of the guardianship and who rendered legal services of value and importance in the matter of the guardianship. The petition makes the minor and the guardian parties respondent, although denominating them as beneficiary and trustee, respectively, and moves directly against the

estate of the minor and prays an order against the estate itself for the payment of a reasonable compensation to the attorney for his said services.

There is a long line of cases in this state by which it is established that attorney's fees in the management of statutory estates are not a charge upon the estate itself, but are personal obligations of the administrator or executor or guardian; and while under Sections 1734 and 1891, Code 1930, the court may make allowance to an administrator or executor or guardian for attorney's fees, this must be done on the request or petition of the administrator or executor or guardian, and not on the direct petition of the attorney himself. Some of the cases that deal with this subject are Clopton v. Gholson, 53 Miss. 466; Norton v. Phelps, 54 Miss. 467; Hines v. Potts, 56 Miss. 346; Parham v. Stith, 56 Miss. 465; Stern v. Hampton, 73 Miss. 555, 19 So. 300; and Howell v. Myer, 105 Miss. 771, 63 So. 233.

The question, then, is whether this guardianship was simply a statutory guardianship wherein the guardian was nominated by will, or whether it was a testamentary trust estate. We are of the opinion that until the minor became twenty-one years of age, which was not until December 15, 1939, there was no more than a statutory guardianship; and that, therefore, the direct petition here sought to be maintained was not in order.

In the construction of a will full effect and meaning must be given to each and all definite provisions thereof, so long as there is no illegality in such provisions and they are permissibly consistent with the dominant purpose of the instrument. There is noted that in item 5 it was carefully prescribed that Mrs. Gwin should be guardian of the person and estate of the minor so long as he remained a minor and should give a bond as guardian effective during that time, and that after the minor has reached his majority the guardian should thereupon become trustee and should give bond as such trustee. The provisions of the will as to the powers to be exercised

by the guardian during the period of the guardianship, and the manner thereof, are such, and are substantially no more than such, as a statutory guardian may exercise. If it had been intended that the person named as guardian should be from the beginning a testamentary trustee, administering a trust estate, strictly speaking, the provisions in respect to a guardianship and a guardian's bond in the meantime would have been wholly unnecessary, if not inappropriate; and to hold that the estate created was a testamentary trust even before the minor became twenty-one years of age would, in effect, be to strike out or delete from the will definite provisions therein contained, and this we cannot do.

It has not escaped our attention that from the beginning of the guardianship the forms of the petitions, orders, vouchers, accounts and the like were, many of them, as if the estate of the minor were a testamentary trust, being administered as such; but the actual character of the estate has now been brought into review, and we must adjudge the question here before us according to the real nature of the situation rather than by what it has heretofore been called by those who for the time being were dealing with it.

Affirmed.