487 So.2d 811 (1986)
A.S. SCOTT, Jr., Executor of Estate of John Charles Senour, Deceased
v.
Mrs. Katherine Jenkins HOLLINGSWORTH.
No. 55496.
Supreme Court of Mississippi.
April 23, 1986.
*812 A.S. Scott, Jr., Laurel, for appellant.
Lawrence M. Magdovitz, Clarksdale, for appellee.
Before WALKER, P.J., and PRATHER and ANDERSON, JJ.
PRATHER, Justice, for the Court:
The executor of an estate valued in excess of $229,000 perfects this appeal from the Chancery Court of Bolivar County claiming the awarded executor's fees of $1500 and the attorney's fees of $1500 were inadequate. The appellee, Mrs. Katherine Jenkins Hollingsworth, is one of two legatees of the bulk of the estate. The executor assigns the following two errors:
(1) The lower court erred in adjudicating a suitable lawyer's fee incurred in the administration of this estate in the amount of $1500.
(2) The lower court erred, and manifestly as well as palpably so in allowing the executor *813 in this estate with a virtually liquid value of $247,000, a fee of only $1500.

I.
John Charles Senour died testate February 19, 1983, naming A.S. Scott, Jr. as his executor. Subsequently, letters testamentary were issued to Mr. Scott who began the administration of the Senour estate.
The assets of the estate consisted primarily of corporate stocks and bank accounts. An inventory dated February 19, 1983, valued the assets at approximately $229,000.
The last will and testament of Mr. Senour, along with a handwritten codicil, provided for the following legatees:
(1) Captain Edward F. Norman to receive $10,000;
(2) Frances H. Colombat to receive $10,000;
(3) Gene Stone Scott to receive $10,000;
(4) Katherine S. Jenkins and Sally Ann Scott to receive one-half each of "any remaining stocks, bank accounts, certificates of deposit or money market funds after payment of the bequests herein before made;"
(5) The executor, A.S. Scott, Jr., to receive the residuary.
Only one claim was probated against the estate, that being a claim by Edward F. Norman in the amount of $10,360 for personal services rendered to the deceased during the time of his terminal illness.
In his final account the executor petitioned the court for permission to liquidate certain shares of stock to pay claims against the estate, particularly the claim of Edward F. Norman. Both Sally Ann Scott and Katherine Jenkins Hollingsworth joined in the prayer of the petition and requested relief be granted therein.
The judgment approving the final account of the executor has significance in two areas:
(1) It awarded $1500 each to the executor and the retained attorney, and
(2) It allowed the executor to pay the probated claim from the legacies of Sally Ann Scott and Katherine Jenkins Hollingsworth instead of out of the residuary estate.
Feeling the executor's fees and the attorney's fees were inadequate, the executor perfects this appeal.

II.
It should be noted that this appeal is by the executor, not the attorney. It poses the question of whether the attorney's fee of $1500 was adequate?
Miss. Code Ann. § 91-7-281 (1972) reads:
In annual and final settlements, the executor, administrator, or guardian shall be entitled to credit for such reasonable sums as he may have paid for the services of an attorney in the management or in behalf of the estate, if the court be of the opinion that the services were proper and rendered in good faith. Where the executor, administrator, or guardian acts also as attorney, the court may allow such executor, administrator, or guardian credit for his reasonable compensation as attorney in lieu of his compensation as executor, administrator, or guardian.
Attorneys' fees are the personal obligation of the executor or administrator, and are not a charge on the estate itself. Hutton v. Gwin, 188 Miss. 763, 195 So. 486 (1940); Clapton v. Gholson, 53 Miss. 466 (Miss. 1876); Norton v. Phelps, 54 Miss. 467 (Miss. 1877); Hines v. Potts, 56 Miss. 346 (Miss. 1879). It is the executor or administrator who petitions the court to allow an attorney's fee to the executor. Hutton, 188 Miss. at 770, 195 So. at 488. The Court under above statutory authority may allow the fee. Additionally, even though attorneys' fees are the personal obligation of the administrator or executor, they may be paid out of the estate as administration expenses.
When an appropriate petition by the executor or administrator has been made, "the amount allowed as attorney's fees will *814 be fixed by the Chancellor as such sum as will be reasonable compensation for the service rendered and expense incurred without being bound by any contract made with any unauthorized persons." Rule 6.13, Mississippi Uniform Chancery Court Rules.
Mississippi case law has long held, "The statute vests in the sound discretion of the court in which the administration is pending the duty to fix the fees of the attorney if it is of the opinion that the service was necessary and had been rendered in good faith. Brown v. Franklin, 166 Miss. 899, 903, 145 So. 752, 753 (1933).
The factors which the chancery court considers in fixing the amount of reasonable compensation are varied. Among those factors, however, are the following: time, skill, the responsibility [Brown v. Franklin, 166 Miss. 899, 145 So. 752 (1933)], the monetary value of the estate administered and its liquidity, the speedy disposition of the business, the services of the attorney, the practice of attorneys in that court and the charging of fees for similar services [Ralston v. Bank of Clarksdale, 188 Miss. 345, 194 So. 923 (Miss. 1940)], the complexity of the issues, and the necessity of litigation concerning the estate business [(Schwander v. Rubel, 221 Miss. 875, 75 So.2d 45 (Miss. 1954)].
In the present case, as in Brown, the lower court knew the whole situation, the manner in which the will was probated, the necessary advice to the executor in the management of the estate, the final account, and the preparation thereof. "Unless it clearly appears to us that there has been an abuse of the judicial discretion vested in the chancery court in the matter of allowing fees under the statute here involved, [this Court] will not reverse his action." Brown v. Franklin, 166 Miss. at 905, 145 So. at 754.
From reading the record, this Court cannot say there was an abuse of the chancellor's discretion.

III.

Was the executor's fee inadequate?
Miss. Code Ann. § 91-7-299 (1972) states:
On the final settlement the court shall make allowance to the executor or administrator for the property or the estate which has been lost, or has perished or decreased in value, without his fault; and profit shall not be allowed him in consequence of increase. The court shall allow to an executor or administrator, as compensation for his trouble, either in partial or final settlements, not less than one nor more than seven per centum of the amount of the estate administered; in addition to which the court may allow him his necessary expenses. (Emphasis added).
The commission awarded to the plaintiff ($1500) is approximately 6/10 of one percent of the value of the assets of the estate at the date of death. Appellant contends $1500 is "palpably low and manifestly inadequate."
The appellee, alleging maladministration, argues the court was authorized to award a reduced fee or even no fee at all. Appellee contends there was maladministration because the executor paid the single probated claim by liquidating a portion of the assets of appellee's specific bequest instead of paying the probated claim by first liquidating the assets in the residuary bequest. Stovall v. Stovall, 360 So.2d 679 (Miss. 1978); In Re Torian's Estate, 321 So.2d 287 (Miss. 1975).
As noted before, the appellee joined in the petition of the executor asking permission to liquidate specified stock to pay the probated claim. The appellee should not now be allowed to use the procedure she consented to as grounds for maladministration. Fidelity and Deposit Co. v. Doughtry, 181 Miss. 586, 179 So. 846 (1938). See also, Matter of Chambers 458 So.2d 691 (Miss. 1984).
In determining the executor's allowance some confusion may arise in interpreting the phrase "the amount of the estate administered" found in § 91-7-299. In *815 Schwander v. Rubel, 221 Miss. 875, 75 So.2d 45 (1954) this Court held, regarding the executor's fees, "We think this compensation should be fixed within the limits of the statute on the gross personal estate actually accounted for by the executors in good faith."
The gross value of the estate in Schwander was approximately $300,000. The case was remanded for the chancellor to award compensation to the executors within the limits of the applicable statute. 221 Miss. at 900, 75 So.2d at 55.
The gross value of the estate in the present case was in excess of $229,000. Absent a finding of maladministration, this Court holds that this case be remanded for the chancellor to award compensation to the executor within the limits of § 91-7-299. Ralston v. Bank of Clarksdale, 188 Miss. 345, 194 So. 923 (1940). In awarding the exact amount of the executor's fee, inside the statutory guidelines, the chancellor will be more familiar than this Court with what the executor has actually done in relation to what his attorney has done. As stated in Ralston, 188 Miss. at 351, 194 So. at 924:
There are numerous elements that enter into the consideration of what amount of compensation should be allowed within the limits fixed by law, and the mechanical work of making out the reports and of collecting the money and of disbursing it is not the only thing to be considered. The skill, the responsibility, and the amount involved are elements that the Court will take into consideration in fixing such compensation. Service skillfully, promptly, and efficiently rendered should be recognized as being of value to the estate in administering it and the speedy disposition of the matter winding up and settling the estate are important elements and are factors to be recognized and encouraged.
This Court reverses and remands this case to the Chancery Court of Bolivar County to set the executor's fees within the statutory limits, and to review any increase of attorneys' fees, if the court in its discretion, deems proper, in light of this opinion regarding executor's commission.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.