742 So.2d 147 (1999)
In the Matter of the ESTATE OF Susie E. COLLINS, Deceased: Dorothy C. Strait, Executrix and Lavell Collins, Appellants,
v.
Daniel COLLINS, Louise King, Julie Childress, Iva Nell Swindle and Cecil Glass, Appellees.
No. 97-CA-00850-COA.
Court of Appeals of Mississippi.
May 4, 1999.
*148 Reuben W. Boydstun Jr., for Appellants.
C. Hugh Hathorn, Louisville, for Appellees.
EN BANC.
KING, J., for the Court:
¶ 1. This is an appeal from the Winston County Chancery Court's April 11, 1997 order that all the heirs of the testatrix, Susie Collins, share equally in the distribution of her estate and that same court's subsequent order of June 4, 1997, which denied appellant's motion for attorney and executrix fees incurred in connection with the probation of her mother's will. Feeling aggrieved, the appellant has appealed and assigned the following as error:
1. Whether the chancery court erred in declaring the will void on the ground that the appellant was given sole discretion *149 in the equitable distribution of the estate among the named heirs.
2. Whether the settlement agreement entered into by the parties is binding.
3. Whether the chancery court erred in denying the appellant's motion for executrix and attorney fees.
4. Whether the chancery court committed reversible error and an abuse of discretion in authorizing counsel to enforce an order that said counsel prepared.
¶ 2. The Mississippi Supreme Court, by order dated April 17, 1998, dismissed all claims as being untimely except the issues of costs and fees. We now proceed to dispose of these matters on their merits.

Applicable Standard of Review
¶ 3. The decision whether to award attorney's and executrix's fees is a matter addressed to the sound discretion of the chancery court. In the absence of an abuse of that discretion, this Court will not disturb the chancellor's rulings. Schwander v. Rubel, 221 Miss. 875, 897, 75 So.2d 45, 54 (1954); Ralston v. Bank of Clarksdale, 188 Miss. 345, 345, 194 So. 923, 924 (1940).

Discussion

DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION FOR ATTORNEY AND EXECUTRIX FEES?
¶ 4. The executrix, Dorothy Strait, argues that the chancery court erred in denying her request for attorney and executrix fees because the estate was administered for more than four years and because considerable time and work had been expended to protect the estate from the appellees.
¶ 5. Mississippi Code Annotated § 91-7-281 (Supp.1998) reads in pertinent part as follows:
In annual and final settlements, the executor, administrator, or guardian shall be entitled to credit for such reasonable sums as he may have paid for the services of an attorney in the management or in [sic] behalf of the estate, if the court be of the opinion that the services were proper and rendered in good faith....
¶ 6. Although attorney's fees are the personal obligation of the administrator or executor, where they have benefitted the estate, they may be paid out of the estate as administration expenses. Scott v. Hollingsworth, 487 So.2d 811, 812-13 (Miss.1986); Hutton v. Gwin, 188 Miss. 763, 763, 195 So. 486, 488 (1940). But, where the estate has not benefitted by those services, equity suggests that the estate should not pay for those services.
¶ 7. There are several factors which a chancellor must weigh prior to setting an attorney fee award. The supreme court in Scott, detailed those factors in the following manner:
The factors which the chancery court considers in fixing the amount of reasonable compensation are varied. Among those factors, however, are the following: time, skill, the responsibility, the monetary value of the estate administered and its liquidity, the speedy disposition of the business, the services of the attorney, the practice of attorneys in that court and the charging of fees for similar services, the complexity of the issues, and the necessity of litigation concerning the estate business.
Scott 487 So.2d at 814 (citations omitted).
¶ 8. Our review of the record reveals that the chancellor approved $2,500 in attorney's fees to be paid from the estate. The executrix now complains that the chancellor should have allowed an additional 7% of the value of the gross estate to be allocated for executrix and attorney's fees.
¶ 9. The record reveals that by order dated, August 7, 1997, the executrix was found in civil and criminal contempt for failing to abide by a previous court order and was subsequently jailed. The *150 record also suggests that the executrix received legal advice in connection with the contempt action from the same counsel whom she retained on behalf of the estate.
¶ 10. Those services rendered in connection with the contempt citation did not have the purpose of benefitting the estate, and, therefore, the resulting fees are not properly payable from the estate. In this regard, we cannot say that the chancellor abused his discretion by not allowing additional attorneys fees. See Clarksdale Hospital v. Wallis, 187 Miss. 834, 834, 193 So. 627, 628 (1940)("Where the services were rendered for the sole benefit of an individual or group of individuals, interested in the estate, as against the others interested, such an allowance is unauthorized.").
¶ 11. We now turn to the denial of executrix fees. The executrix argues that the chancery court erred in denying her executrix fees.
¶ 12. Mississippi Code Annotated § 91-7-299 (Rev.1994) reads as follows:
On the final settlement the court shall make allowance to the executor or administrator for the property or the estate which has been lost, or has perished or decreased in value, without his fault; and profit shall not be allowed him in consequence of increase. The court shall allow to an executor or administrator, as compensation for his trouble, either in partial or final settlements, such sum as the court deems proper considering the value and worth of the estate and considering the extent or degree of difficulty of the duties discharged by the executor or administrator; in addition to which the court may allow him his necessary expenses, including a reasonable attorney's fee, to be assessed out of the estate, in an amount to be determined by the court.
¶ 13. However, in the event that the executrix is found to have maladministered the estate, the chancellor is within his discretion to disallow fees. Hollingsworth, 487 So.2d at 815. In this case, the chancellor found that the estate was administered in a "grossly negligent" manner. In support of this finding of negligent administration, or maladministration, the chancellor cited the executrix's noncompliance with court orders which eventually culminated in her being found guilty of civil and criminal contempt on August 7, 1997.
¶ 14. In light of the chancellor's finding of negligent administration of the estate, we decline to disturb his ruling.
¶ 15. THE JUDGMENT OF THE WINSTON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.